# Hunt *v.* Donahoe, Appellant.

*Contract—Sale—Failure to deliver—Damages.*

1. In an action to recover damages for failure to accept delivery of goods purchased by defendant where the issue at the trial was whether the goods had or had not been ready and offered for delivery, and the issue is decided by the jury for the plaintiff, the defendant cannot complain on appeal that the court erred in not giving adequate instructions as to the measure of damages, where no request was made for instructions as to damages, and the evidence itself showed that there was no sound reason in either law or morals why the plaintiff should not be permitted to recover the value of his bargain.

*Evidence—Parties—Call of witness as for cross-examination—Partnership.*

2. A defendant may call as for cross-examination a witness where it appears that the witness although not a party to the record, was practically a partner of the plaintiff, and a person for whose immediate benefit the action was defended.

Argued March 4, 1914. Appeal, No. 38, March T., 1914, by defendant, from judgment of C. P. Lackawanna Co., March T., 1909, No. 851, on verdict for plaintiff in case of A. E. Hunt v. M. A. Donahoe. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for breach of a contract of sale. Before O'NEILL, J.

The facts are stated in the opinion of the Superior Court.

At the trial S. S. Spruks was called as for cross-examination.

Mr. Torrey: "Q. Are you interested in this case? A. I don't know whether I am or not; I was interested in the sewer. Q. Would you have to put up any of this money if this plaintiff got a verdict here?"

Mr. Donahoe: We object to that.

The Court: What is the purpose?

Mr. Torrey: I want to call him as for cross-examination; if he is a party in interest we are entitled to call him as if upon cross-examination.

The Court: You may proceed. Exception noted for the defendant.

Mr. Torrey: "Q. You would have to put up some of the money or all of it if this verdict was for the plaintiff? A. Yes, sir; I would not, not all of it; I would have to put up part of it."

The counsel for the plaintiff ask to have the witness called and sworn as if upon cross-examination.

Mr. Donahoe: We object to the witness being called as if upon cross-examination, because he is not a party to the record.

The Court: Objection overruled. [7]

The court charged as follows:

The plaintiff claims there is due to him the sum of $329.89 occasioned by the breach of a contract that existed between him and the defendant. By an agreement the plaintiff was to furnish 206 manhole castings at $9.75 a piece, to the defendant who was engaged in the construction of a sewer in this city. These manhole castings were to be delivered by Mr. Hunt to the defendant, Mr. Donahoe, when required, that is, when some notice was given by the defendant as to when and where he needed them in the course of the construction of the sewer. Fifty-two castings were furnished and paid for, and then there was no further request made upon the part of the defendant for any more castings. Some time later in the year, in July I think the plaintiff discovered that the defendant was going along with the work and using castings obtained from some other party or place.

[He brings his suit now to recover the profit that he would have made if Mr. Donahoe had taken from him the entire number of castings, 206. He was making a profit of $1.75 on each casting.

Of course, if this story be true on the part of the plaintiff, we say to you as a matter of law that he is entitled to recover the sum of $1.75 for the difference between the 206 and the fifty-two, together with interest from the time it became due.] [1]

The defendant claims that he was at all times ready to receive those castings; that he took a quantity and paid for those he did receive; but that upon one occasion when he was greatly in need of them by reason of the work being more rapidly advanced than formerly, the brickwork of the manholes being finished, and not having the castings to place upon them, he was obliged to have them covered with boards, and in some instances covered with clay, so as to protect the public from any danger that might follow from such exposure; and that he called upon Mr. Hunt, and instructed him to send to this particular place right away the number of castings required. Not hearing anything further from Mr. Hunt, no castings having been delivered, he then went elsewhere and was obliged to go elsewhere and provide himself with the remaining number of castings that he needed in this work. It seems to me this is about all there is in the case, as to which of these stories may be true. Mr. Hunt denies that he received any such notice at all, but that at that time and at all times up to the time the work was completed he had on hand and in stock all the castings that would be required or that could be demanded at any time.

So this is a question then for you to pass upon between these two parties. If Mr. Hunt did not deliver after having been notified within a reasonable time, he is not entitled to recover anything. It is for you to say what would be a reasonable time under all the circumstances in the case. It is very difficult to advise you upon this particular point, because the law places the duty upon you of saying whom you are to believe.

In arriving at a conclusion you are permitted and should take note of the manner and action of the wit-

nesses upon the stand; their manner of testifying; of the probability of their stories; the interest they may have in it. [The plaintiff, of course, has the burden upon him to make out to your satisfaction by what is called the preponderance of evidence, that is, the outweighing or overweighing of the evidence. You are presumed to balance before you these two stories, these two sides, and to whichever one you give the most credit, that is the way in which you should be swerved.] [4]

Verdict and judgment for plaintiff for $327.89.. Defendant appealed.

*Errors assigned* were (1, 4) above instructions, quoting them; and (7) ruling on evidence, quoting the bill of exceptions.

*T. A. Donohoe*, for appellant.—The difference between the sale and the resale, afforded the best evidence of the damages sustained by the plaintiff: Girard v. Taggart, 5 S. & R. 18; Moore v. Railway Co., 4 Phila. 261.

*C. H. Welles*, of *Welles & Torrey*, for appellee, cited: Brush Electric Co.'s App., 11 Atl. Repr. 654; Winslow Bros. Co. v. Depuy, 208 Pa. 98; Puritan Coke Co. v. Clark, 204 Pa. 556; Sharpsville Furnace Co. v. Snyder, 223 Pa. 372; Mayer Brick Co. v. D. J. Kennedy Co., 230 Pa. 98.

OPINION BY HEAD, J., July 15, 1914:

As the issue was made up by the parties and actually tried in the court below, it was single and entirely one of fact. It was conceded that plaintiff had undertaken to sell and defendant to buy about 200 metal castings to be used in the construction of manholes in a sewer then under contract by the defendant. There was no contention but that the price to be paid for those castings was $9.75 each. There was no denial, either in the pleadings or the evidence, that plaintiff had contracted

with a responsible firm for the manufacture and delivery of these castings at $8.00 each. As a consequence the value of the contract to the plaintiff was $1.75 for each casting. The parties too were in substantial accord that the castings were to be delivered by the plaintiff along the line of the sewer at such points and times as the defendant would direct and the progress of the work required. In the written offer, which was accepted, there is the following provision relative to the delivery of the castings: "All to be delivered to you along the lines of sewers, payable monthly as the work progresses." The record discloses no difference in the interpretation placed on this language by the parties. The affidavit of defense filed by the defendant thus states the contract in the respect mentioned: "That the manholes and castings and other articles provided for in said contract were to be delivered upon the line of the work at points indicated by the defendant and at various times when the said castings, etc., were required in the construction of the said sewer."

The work began in the fall of 1907 and continued while weather permitted, and it is agreed during that time about fifty-two of these castings were delivered and these were paid for by the defendant. No dispute had then occurred. With the resumption of work in the spring of 1908 the difficulty arose. In point of fact no more of the castings than the fifty-two mentioned were ever actually delivered by the plaintiff. The defendant or his partner purchased them elsewhere for a less price. The plaintiff's allegation was that he was ready and willing to continue the deliveries in the spring and was awaiting directions from the defendant as to times and places for delivery in accordance with the contract as mutually interpreted by them. The defendant's reply, set up in his affidavit and supported by his proof, was that he repeatedly demanded of the plaintiff deliveries of the castings; that he notified him the work was being delayed and that it was because he

was unable to secure on request deliveries from the plaintiff he bought the castings elsewhere. This was the real issue of fact between the parties and this issue was submitted by the learned trial judge to the jury. Their verdict establishes the contention of the plaintiff.

The plaintiff sued to recover the value of his contract, to wit, $1.75 per casting for each one of the 153 castings which the defendant had contracted to purchase at the price named which would have netted to the plaintiff the sum he claimed to recover. No prayers for special instructions to the jury on any subject were presented by either of the parties. We now have eight assignments of error, seven of which complain of the charge of the learned trial judge. It is urged upon us the charge was inadequate as to the measure of damages, and if not inadequate, was actually erroneous, or at least misleading. Certainly it is now well enough established that where no points for special instructions are presented, a judgment ought not to be reversed for what the learned trial judge did not say. There is ample evidence to warrant a finding that the plaintiff in the spring of 1908 had ready for delivery about sixty castings, and there is also evidence that later on he had sold to other parties about thirty of them. The defendant now argues that as to these castings, sold after the defendant's default, the plaintiff can recover nothing until he show that he had sold them at a price less than the defendant had agreed to pay, and then the difference between the price at which they were actually sold and the contract price would be the accurate measure of his damages. At the trial evidence was not forthcoming to show the actual number of the castings sold by the plaintiff nor the exact price at which he sold them. Presumably this was because no such question was raised by the pleadings. There was evidence from both sides, meager in quantity it is true, to show that in the spring of 1908 and later, the market

was a falling one. The defendant's testimony shows that he bought from other sources about 175 castings for $1,350. This would be a fraction under $8.00 each.

As we have said, the parties saw fit to make up the issue and try the case on the main question of fact, to wit, which of the parties was responsible for the breach of the contract which it was agreed had been broken. No question was raised as to the amount the plaintiff could legally recover as to the thirty castings sold, and no request for any particular instructions as to the measure of damages that would apply to these as distinguished from the others. A finding by the jury that they had been sold for a price not exceeding $8.00 per casting would not be without evidence to support it, although, as we have said, the evidence in this respect was scant. Even therefore if we concede the technical accuracy of the appellant's position as to these thirty castings, we are not persuaded we would be justified, under the circumstances, in reversing the judgment and sending the case back for another trial solely on this ground. Nor do we see any substantial difficulty as to the remaining thirty castings which had been actually manufactured and were ready for delivery at the time of the defendant's default. He is in no position to urge that they were worth more in the plaintiff's hands than the price established by his own purchase of 175 like castings at a price less than $8.00 each. We perceive no sound reason in either law or morals why the plaintiff should not be permitted to recover the value of his bargain as to these thirty castings as well as to the other ninety which had not actually been made but which, according to the undisputed evidence, the plaintiff was fully able to procure under his sub-contract at the price of $8.00 each.

The parties, having made up their issue turning on a single question of fact, and having tried out that issue before the jury, we believe substantial justice will be done by refusing to disturb the judgment on account

of anything complained of in the first seven assignments of error, which are consequently dismissed.

The eighth assignment alleges error on the part of the trial judge in permitting the defendant to call, as if for cross-examination, one Spruks. Although he was not a party to the record, his preliminary examination disclosed the fact he was directly and pecuniarily interested in the case practically as a partner of the defendant named. He was therefore a person for whose immediate benefit the action was defended. In any event there was nothing in the testimony elicited from him to work any substantial harm to the defendant, and the action of the learned court below in this respect did not constitute reversible error. The eighth assignment is overruled.

Judgment affirmed.